IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　　　　　　**Plaintiff,**<br><br>v.<br><br>**PAUL ANDREW LARSON,**<br><br>　　　　　　　　　**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:11-CR-715-DAK<br><br>Judge Dale A. Kimball |

　　　This matter is before the court on Defendant's Emergency Motion to Reduce the Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A), requesting due to Covid-19 that the court release him from custody or order that the rest of his sentence be served as supervised release. The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) to allow a federal prisoner to file a motion with the court to reduce the defendant's term of imprisonment after the defendant has exhausted administrative remedies with the Bureau of Prisons. *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019). In this case, Defendant exhausted his administrative remedies with the Bureau of Prisons and filed his own *pro se* motion [ECF No. 51]. The United States filed an opposition to Defendant's motion.

　　　Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction. As the movant, Defendant bears the burden of establishing that he is eligible for the requested sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

On March 7, 2012, this court sentenced Defendant to 240 months imprisonment, beginning as of June 2007, and 120 months of supervised released. Defendant has a projected release date of July 4, 2024.

The court finds that Defendant has not met his burden of demonstrating the exceptional circumstances required for compassionate release under the First Step Act. Defendant argues that his hypertension and obesity put him at higher risk for a severe case of Covid-19, but he has had Covid-19 and recovered and has been vaccinated. Defendant contracted and recovered from Covid-19 before he was vaccinated. Now that he is vaccinated, he has an even lower risk of severe illness. Moreover, the current Covid-19 strain may be more contagious, but it is less severe. Defendant states that he has long-Covid symptoms as well, but the United States informs the court that his conditions are managed and monitored by the medical staff at his institution. BOP has also taken several preventative measures to protect inmates, and the court does not believe the Covid-19 situation presently creates an extraordinary and compelling reason for reducing Defendant's sentence.

## CONCLUSION

Based on the foregoing reasoning, Defendant's Motion for Reduction in Sentence Under 18 U.S.C. § 3582(c)(1)(A) [ECF No. 51] is DENIED.

Dated this 24th day of February, 2020.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge